HARTZ, Circuit Judge.
The Ute Indian Tribe of the Uintah and Ouray Reservation[1] appeals a preliminary injunction ordering it not to proceed with *1201 litigation in tribal court against a nonmember former contractor, Lynn Becker. The district court ruled that although the parties’ dispute would ordinarily come within the tribal court’s jurisdiction, their Independent Contractor Agreement (the Contract) waived the Tribe’s right to litigate in that forum.
The Tribe mounts two challenges to the preliminary injunction. First, it contends that the tribal-exhaustion rule, which ordinarily requires a federal court to abstain from determining the jurisdiction of a tribal court until the tribal court has ruled on its own jurisdiction, deprived the district court of jurisdiction to determine the tribal court’s jurisdiction. We do not agree that the rule is jurisdictional but agree that the district court should have abstained on the issue. Although the Contract contains a waiver of the tribal-exhaustion rule, Mr. Becker, on the record and arguments before us on this appeal, has not shown a likelihood of success based on the validity of the waiver. He has failed to adequately counter the Tribe’s contention that the entire Contract, including the waiver, is void because it did not receive federal-government approval, as is required for contracts transferring property held in trust for the Tribe.by the federal government. Second, the Tribe contends that even if exhaustion is not required, the preliminary injunction was improper because the Contract did not waive the Tribe’s right to litigate this dispute in tribal court. Although the author, in a separate concurrence, believes the contention has substantial merit, the panel relies only on the first issue as ground for reversal.
In addition, the Tribe challenges the district court’s dismissal of its claims under the federal civil-rights act, 42 U.S.C. § 1983, seeking to halt state-court litigation between it and Mr. Becker. We reject the challenge. The Tribe has not stated a claim under § 1983 because it is not a “person” entitled to relief under that statute when it is seeking, as here, to vindicate only a sovereign interest.
To resolve the remaining issues raised in this case, we adopt our decision in the companion case of Ute Indian Tribe v. Lawrence, No. 16-4154, 868 F.3d 1189, 2017 WL 3658838 (August 25, 2017).
I. BACKGROUND
In 2005 Mr. Becker and the Tribe executed the Contract, which made Mr, Becker a manager in the Tribe’s Energy and Minerals Department. He was to receive a salary of $200,000 and 2% of “net revenue distributed to Ute Energy Holding, LLC from Ute Energy, LLC.” Becker Compl. at Ex. 1 (the Contract), Aplt. App., Vol. I at 46. The two LLCs are tribal entities “capitalized with ... oil and gas interests] ... held in trust for the Tribe by the United States.” Id. at Ex. 3 (Tribal Court Complaint), Aplt. App., Vol. I at 56. Mr. Becker resigned in 2007. He claims that the Tribe breached its compensation promises while the Tribe maintains that he was part of a scheme to defraud it out of valuable interests in oil and gas.
The parties’ litigation began when Mr. Becker filed suit in the United States District Court for the District of Utah seeking damages. The court dismissed the suit for lack of subject-matter jurisdiction because the claim did not arise under federal law. We affirmed in Becker v. Ute Indian Tribe, 770 F.3d 944 (10th Cir. 2014). Mr. Becker then filed suit in Utah state court in December 2014. In July 2015 the state court rejected the Tribe’s attempt to have the action dismissed on the grounds that the state court lacks jurisdiction and that the Tribe is protected by tribal sovereign immunity. The Tribe sued, in federal court the following June to enjoin the state proceeding on the ground that the state court lacks jurisdiction to hear the parties’ dis *1202 pute. But the district court dismissed the Tribe’s federal suit for lack of federal-court subject-matter jurisdiction. That dismissal is the subject of a separate appeal in this court. See Ute Indian Tribe v. Lawrence, No. 16-4154.
Having been unsuccessful in state and federal court, the Tribe turned to tribal court, seeking, among other things, declarations (1) that the Contract is void because it grants Mr. Becker a tribal trust asset without federal-government approval, in violation of both federal and tribal law, and (2) that its purported waiver of sovereign immunity in the Contract was executed in violation of tribal law. Mr. Becker responded on September 14, 2016, by filing this action against the Tribe and affiliated entities. The district court promptly granted Mr. Becker’s request for a temporary restraining order against the tribal-court proceeding. While awaiting a hearing on Mr. Becker’s request for a preliminary injunction, the Tribe filed counterclaims against Mr. Becker and third-party claims against the judge presiding over Mr. Becker’s state action, including claims under § 1983 seeking an injunction against the state-court proceedings on the ground that they violate the Tribe’s due-process rights. The district court later granted Mr. Becker a preliminary injunction. It also dismissed the Tribe’s § 1983 claims without prejudice. And, adopting the decision by the district court in the related case of Ute Indian Tribe v. Lawrence, Case No. 2:16-CV-00579-RJS (Aug. 16, 2016), the court in this case dismissed the Tribe’s remaining counterclaims and third-party claims for lack of jurisdiction. (We reverse the Lawrence dismissal today in a separate decision.)
II. THE PRELIMINARY INJUNCTION
We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review the grant of a preliminary injunction by a district court. “We review the ... grant of a preliminary injunction for abuse of discretion. A district court abuses its discretion when it commits an error of law or makes clearly erroneous factual findings.” Planned Parenthood of Kan. & Mid-Mo. v. Moser, 747 F.3d 814, 822 (10th Cir. 2014) (internal quotation marks omitted). A party must establish four elements to obtain a preliminary injunction: “(1) [that it has] a substantial likelihood of prevailing on the merits; (2) [that it will suffer] irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.” Diné Citizens Against Ruining Our Env’t v. Jewell, 839 F.3d 1276, 1281 (10th Cir. 2016) (internal quotation marks omitted). “[E]ach of these elements is a prerequisite for obtaining a preliminary injunction .... ” Id. We agree with the Tribe that Mr. Becker has failed to establish the first element because he has not shown a substantial likelihood that he can escape the tribal-exhaustion rule, which usually requires that the- issue of tribal jurisdiction be decided by the tribal court in the first instance.
The tribal-exhaustion rule states that “absent exceptional circumstances, federal courts typically should abstain from hearing cases that challenge tribal court jurisdiction until tribal court remedies, including tribal appellate review, are exhausted.” Crowe & Dunlevy, P.C. v. Stidham, 640 F.3d 1140, 1149 (10th Cir. 2011) (internal quotation marks omitted). The rule follows from the Supreme Court’s recognition “that Congress is committed to a policy of supporting tribal self-government and self-determination.” Nat’l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856, 105 S.Ct. 2447, 85 *1203 L.Ed.2d 818 (1985). It ensures that “the forum whose jurisdiction is being challenged [is provided] the first opportunity to evaluate the factual and legal bases for the challenge.” Id.
The parties do not dispute these general propositions. The only matters in dispute are the Tribe’s contention that exhaustion is a matter of federal subject-matter jurisdiction and Mr. Becker’s contention that exhaustion is not required because the Tribe waived exhaustion in the Contract. We reject both contentions, holding that exhaustion is not a jurisdictional matter and that Mr. Becker has not satisfied his burden of showing waiver because he has failed to establish the validity of the Contract.[2]
A. Is the Exhaustion Rule Jurisdictional?
First, we address jurisdiction. To invoke federal jurisdiction under 28 U.S.C. § 1331, a plaintiff must “assert a claim arising under federal law.” Nat'l Farmers, 471 U.S. at 850, 105 S.Ct. 2447 (internal quotation marks omitted). The allocation of sovereign authority among the federal government, the states, and tribes is ordinarily a matter of federal law. See, e.g., Plains Commerce Bank v. Long Family Land & Cattle Co., 554 U.S. 316, 324, 128 S.Ct. 2709, 171 L.Ed.2d 457 (2008) (“[W]hether a tribal court has adjudicative authority over nonmembers is a federal question.”); Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987) (“If state-court jurisdiction over Indians or activities on Indian lands would interfere with tribal sovereignty and self-government, the state courts are generally divested of jurisdiction as a matter of federal law.”). Hence, the federal district court had jurisdiction to hear the present dispute. See Plains, 554 U.S. at 324, 128 S.Ct. 2709. Although it may appear that the exhaustion rule could then deprive the district court of that jurisdiction (because the result of exhaustion could be that the court never decides the issues brought before it), the Supreme Court has definitively declared that “[exhaustion is required as a matter of comity, not as a jurisdictional prerequisite.” Iowa, 480 U.S. at 16 n.8, 107 S.Ct. 971. The Tribe’s claim that exhaustion is required is not a matter of jurisdiction.
B. Did the Tribe Waive the Exhaustion Rule?
Mr. Becker argues that the Tribe waived the exhaustion rule. He points to the Contract language stating, “[T]he Tribe ... waives any requirement ... that Tribal remedies be exhausted.” Contract Art. 23, Aplt. App., Vol. I at 42. The Tribe responds, however, that any waiver is ineffective because the Contract is void for lack of approval by federal authorities. It contends that the contractual transfer to Mr. Becker of “two percent (2%) of net *1204 revenue distributed to Ute Energy Holding, LLC from Ute Energy, LLC,” Becker Compl. at Ex. 1 (the Contract), Aplt. App., Vol. I at 46, is a transfer of property held in trust by the United States for the Tribe and that any contract' effecting such a transfer must be approved by the United States. The Tribe invokes several statutes requiring federal approval for such contracts,[3] but we need not parse those statutes because Mr. Becker does not contest that the oil and.gas interests themselves are tribal trust property or that transfers of tribal trust property require federal approval. Rather, the issue is whether the payments to Mr. Becker constitute transfers of trust property. In support of its position the Tribe argues that the payments to Mr. Becker are akin to royalties, which, according to the Supreme Court, maintain the same trust status as the oil and gas assets themselves. See United States v. Noble, 237 U.S. 74, 35 S.Ct. 532, 59 L.Ed. 844 (1915). In' Noble the Court held that the assignment of a royalty equal to a specified percentage of - minerals mined or removed from- the land of - an Indian allottee violated a prohibition on alienation of the allotment. It wrote:
It is said that the [agreements] contemplated the payment of sums of money, equal to the agreed percentage of the market value of the minerals, ■ and thus that the assignment was of. these moneys; but the fact that rent -is to be paid in money does not make it any the less. a. profit issuing out of the land.
Id. at 80-81, 35 S.Ct. 532.
Mr. Becker’s counterarguments are not persuasive. He provides a copy of a letter from, the Bureau of Indian Affairs (BIA) stating that the Amended and Restated Ute Energy LLC Operating Agreement did not require federal approval. But the amended agreement itself is not in the record; and without, examining it, it is impossible to determine whether it contains provisions similar to the 2% grant to Mr. Becker. Consequently, we cannot tell whether the BIA letter is relevant to the issue before us. If there is law exempting the Contract from the requirement of federal approval, Mr. Becker has not provided it to this court.
Second, Mr. Becker argues that even if the" Contract required federal approval, the waiver provision is severable under the Contract’s severability clause' and therefore enforceable. He relies on Stifel, Nicolaus & Co. v. Lac du Flambeau Band of Lake Superior Chippewa Indians, 807 F.3d 184 (7th Cir. 2015), which held that “the fact that á contract may have been procured by fraud does not negate the validity of a forum selection clause; instead, we look to whether a forum selection clause itself was procured by fraud,” id. at 199 (ellipses and internal quotation marks omitted). In this case, however, the issue is not fraud but invalidity for lack of a statutorily mandated federal approval. See Oneida Cty. v. Oneida Indian Nation, '470 U.S. 226, 245, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985) (“conveyance without the sovereign’s consent was void ab initio”); Quantum Expl., Inc. v. Clark, 780 F.2d 1457, 1459 (9th Cir. 1986). This court has said, in the context of an unapproved contract governed by the Indian Gaming Regulatory Act (IGRA), that “[i]t may be questioned whether any part-of a contract determined to be void ab initio, including the severability provisions, may be enforced.” First Am. Kickapoo Operations, L.L.C. v. Multimedia Games, Inc., 412 F.3d 1166, 1177 n.5 (10th Cir. 2005). And Stifel itself did not question that circuit’s decision four years earlier that a contract not approved as required by IGRA was void ab initio and not severable despite a severability clause -in the contract. See *1205 Wells Fargo Bank, Nat’l Ass’n v. Lake of the Torches Econ. Dev. Corp., 658 F.3d 684, 699-700 (7th Cir. 2011) (contractual waiver of sovereign immunity held invalid). We agree with Weiis Fargo.
Based on the record and arguments before us, the exhaustion rule applies, and the tribal court should consider in the first instance whether it has jurisdiction. For purposes of obtaining a preliminary injunction, Mr. Becker has not shown a substantial likelihood of success on the exhaustion issue.
III. THE TRIBE’S § 1983 CLAIMS
The Tribe also appeals the dismissal of its counterclaim and third-party claim brought under § 1983. We have jurisdiction to review the dismissal because the district court certified it as a final judgment under Federal Rule of Civil Procedure 54(b) shortly after the filing of the notice of appeal. See Fed. R. Civ. P. 54(b) (“When an action presents more than one claim for relief — 'whether as a claim, counterclaim, crossclaim, or third-party claim— ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims .... ”); Ruiz v. McDonnell, 299 F.3d 1173, 1179 (10th Cir. 2002) (“[A] notice of appeal filed before the district court disposes of all claims is ... effective if the appellant obtains ... certification pursuant to Fed.R.Civ.P. 54(b) ... before the court of appeals considers the case on its merits.”).
The Tribe’s § 1983 claims seek to enjoin Mr. Becker’s state-court suit -against it. The claims assert that Mr. Becker (in bringing his state action) and Utah District Judge Barry Lawrence (in presiding over it) are violating the Tribe’s due-process rights “to not be subjected to unlawful claims of State authority and to not be deprived of liberty or property without due process of law and to pursue its property rights in a court of competent jurisdiction of its own choosing (the tribal forum).” Aplt. Br. at 21.
A claim under § 1983 can be brought only by a “citizen” or “person.” 42 U.S.C. § 1983.[4] A .tribe may or. may not qualify as a person, “depend[ing] on whether the tribe’s asserted right [is] of a sovereign nature.” Muscogee (Creek) Nation v. Okla. Tate Comm’n, 611 F.3d 1222, 1234 (10th Cir. 2010). We therefore must examine the nature of the claims brought by the Tribe.
The Tribe’s complaint and appellate briefs could be clearer in stating the basis of its § 1983 claims. Although the Tribe invokes the Due Process Clause of the Fourteenth Amendment, it clearly is not arguing that it is being denied its procedural-due-process rights to notice and a hearing in the state-court proceedings. And although it cites and discusses J. McIntyre Machinery, Ltd. v. Nicastro, 564 U.S. 873, 131 S.Ct. 2780, 180 L.Ed.2d 765 (2011), which held that the Due Process *1206 Clause forbids a state court from exercising jurisdiction over a person that has insufficient contacts with the state, we do not understand it to be alleging an insufficient-contacts claim. Rather, as best we can understand the Tribe’s position, its complaint is .simply that the state court lacks jurisdiction to hear the dispute brought before it. But the interest protected by legislation and case law limiting state-court jurisdiction over certain Indian matters is tribal sovereignty. See Williams v. Lee, 358 U.S. 217, 223, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959) (“There can be no doubt that to allow the exercise of state jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves.”). In our view, the right being asserted here is, at its core, the right of tribal sovereignty. And in seeking to protect that right, the Tribe is proceeding in its sovereign capacity, not as a “person” within the meaning of § 1983. Therefore, we affirm the district court’s dismissal without prejudice of the Tribe’s § 1983 claims.[5]
IV. TRIBE’S REMAINING CLAIMS
Finally, the Tribe filed non-§ 1983 counterclaims and third-party claims that the district court dismissed for lack of jurisdiction. The Tribe’s briefs in this court merely adopted the arguments it raised on those issues in the companion case of Ute Indian Tribe v. Lawrence. On that appeal we are reversing the district court’s ruling that it lacked jurisdiction to consider the claims and are remanding for the court to decide the remaining issues in the first instance. See Lawrence, No. 16-4154. We adopt the same course here.
V. CONCLUSION
We REVERSE the district court’s preliminary injunction and REMAND to the district court to proceed consistently with this opinion. We AFFIRM the dismissal of the Tribe’s § 1983 counterclaim and third-party claim. And we REVERSE the district court’s dismissal for lack of jurisdiction of the Tribe’s remaining counterclaims and third-party claims and REMAND to the district court for further proceedings.

. The other two appellants are the Uintah and Ouray Tribal Business Committee (the Tribe’s elected governing body) and Ute Energy Holdings, LLC (whose 100% owner and sole member is the Tribe). Because the arguments of the three appellants are identical in almost every respect, we will generally refer to them all as the Tribe.

. Mr. Becker has also argued that the exhaustion rule does not apply because it is clear that the tribal court would lack jurisdiction to hear the dispute. See Thlopthlocco Tribal Town v. Stidham, 762 F.3d 1226, 1238 (10th Cir. 2014). But in the context of this case that argument does not present any additional issues. Mr. Becker has not disputed that if the Contract is void, then the tribal court has jurisdiction and the exhaustion rule applies. And the Tribe has not disputed that if the Contract is valid, then it waived the exhaustion rule. Thus, at least as the matter appears before us on appeal, the applicability of the exhaustion rule turns solely on the validity of the Contract.
In addition, Mr. Becker asserts iri a single sentence in his brief that exhaustion should not be required because the Tribe’s invocation of tribal jurisdiction is in bad faith. But we have recently held that the bad-faith exception to the tribal-exhaustion rule refers only to bad faith by the tribal court. See Norton v. Ute Indian Tribe of Uintah and Ouray Reservation, 862 F.3d 1236, 1249 (10th Cir. 2017). And Mr. Becker has not alleged such bad faith.

. The Tribe cites 25 U.S.C. §§ 81, 85, 177, 464, and 2102(a).

. That statute provides in full:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the- jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer’s judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
42 U.S.C. § 1983 (emphasis added).

. We recognize that Ute Energy Holdings, LLC, is also a plaintiff. But we said in Lippoldt v. Cole, 468 F.3d 1204 (10th Cir. 2006), that unincorporated associations are not persons entitled to sue under § 1983, and Ute Energy has presented no argument why an LLC should be distinguished from other unincorporated associations in this respect.