**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RODNEY MILLER,

        Defendant - Appellant.

No. 16-2229

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. Nos. 1:16-CV-00566-WJ-WPL and 1:97-CR-00731-WJ-1)**

---

Stephen P. McCue, Federal Public Defender, Office of the Federal Public Defender, Albuquerque, New Mexico, for Appellant.

James R.W. Braun, Assistant United States Attorney (Damon P. Martinez, United States Attorney, and James D. Tierney, Acting United States Attorney, with him on the briefs), Office of the United States Attorney, Albuquerque, New Mexico, for Appellee.

---

Before **TYMKOVICH**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

---

**TYMKOVICH**, Chief Judge.

---

    Rodney Miller was sentenced as a career offender under the 1998 version

of the Sentencing Guidelines, based in part on his prior conviction for a crime of

violence. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Miller filed a petition under 28 U.S.C. § 2255 to vacate his career-offender sentence, arguing his sentence violates due process. Specifically, Miller contended the residual clause in the Guidelines is void for vagueness—a rule he argued applies retroactively in collateral proceedings. Miller further argued none of his prior convictions qualify as a "crime of violence" under the surviving clauses of the career-offender guideline.

The district court dismissed Miller's motion with prejudice. The court agreed the residual clause in the mandatory Guidelines did not survive *Johnson*, but it concluded that the rule is not substantive and therefore does not have retroactive effect on collateral review. Instead, the court reasoned, a rule invalidating the residual clause in the Guidelines alters only the methods used to determine whether a defendant should be sentenced as a career offender and therefore has a procedural function.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we affirm the dismissal of Miller's motion, though for different reasons. As an initial matter, we decline to exercise our discretion to dismiss Miller's petition as untimely. The government forfeited this argument and offers no persuasive reasons why we should consider it anyway. Nevertheless, Miller cannot prevail on the merits. Even assuming *Johnson* extends to the mandatory Guidelines, and that the rule has substantive, retroactive effect, the residual clause was not unconstitutionally

-2-

vague as applied to Miller's conduct. When Miller was sentenced, the commentary to the career-offender guideline designated robbery—Miller's prior offense of conviction—as a crime of violence. Because Miller's conduct was clearly proscribed, his vagueness challenge must fail on the merits.

## I. Background

In 1998, Rodney Miller pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Miller was designated a career offender under § 4B1.1 of the 1998 version of the Sentencing Guidelines, because he had been convicted of a controlled substance offense and had at least two prior convictions for crimes of violence or drug-trafficking offenses as defined in § 4B1.2(a). In addition to a prior drug-trafficking conviction, Miller had prior convictions for New Mexico robbery, armed robbery, and false imprisonment. The career-offender designation raised Miller's guidelines sentencing range from 151–181 months' imprisonment to 262–327 months' imprisonment. The court sentenced Miller to 262 months' imprisonment, at the low end of the guidelines range.

After the Supreme Court held in *Johnson* that the residual clause in the Armed Career Criminal Act (ACCA) is void for vagueness, Miller filed a petition under 28 U.S.C. § 2255 to vacate his sentence, arguing his sentence under the residual clause of § 4B1.2(a) of the Guidelines violates due process. Because Miller previously filed an unsuccessful § 2255 petition in 2001, he sought and

obtained this court's authorization to file a second petition. Miller contended the rule from *Johnson*, as applied to the residual clause in the mandatory Guidelines, is substantive and therefore applies retroactively in collateral proceedings, because it narrows the class of individuals subject to increased punishment. Miller further argued he was no longer a career offender, because his convictions for robbery and false imprisonment do not qualify as predicate offenses under the surviving clauses of § 4B1.2(a): the elements and enumerated offenses clauses.

At the time Miller filed his second § 2255 motion, the government did not dispute the unconstitutionality of the residual clause, because our circuit had declared the career-offender residual clause in § 4B1.2(a) of the Guidelines unconstitutionally vague in light of *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1210 (10th Cir. 2015), *abrogated in part by Beckles v. United States*, 137 S. Ct. 886 (2017). Instead, the government argued that a rule invalidating the residual clause of § 4B1.2(a) is a procedural rule under *Teague v. Lane*, 489 U.S. 288 (1989), that does not apply retroactively to collateral proceedings.

The magistrate judge agreed with the government's retroactivity argument, concluding that the application of *Johnson* to the Guidelines is a procedural rule that alters only the methods used to determine whether a defendant should be sentenced as a career criminal. Accordingly, the magistrate judge recommended dismissal of Miller's § 2255 motion. Miller objected to this proposed finding. The district court overruled his objections, adopted the magistrate judge's

-4-

proposed findings, and dismissed with prejudice Miller's motion to vacate his sentence. The district court granted a certificate of appealability to this court.

While Miller's appeal was pending, the Supreme Court decided *Beckles*. There the Court held that unlike the ACCA, the advisory Sentencing Guidelines are not subject to void-for-vagueness challenges, since they "do not fix the permissible range of sentences," but rather "guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." 137 S. Ct. at 892. Whereas the ACCA provides notice of potential punishment by fixing the statutory range of prison terms, the Court reasoned, the advisory Guidelines guide judges' discretion within a given statutory range and therefore are not amenable to a vagueness challenge. *Id.* at 894. But the Court left open the question whether the same is true for the *mandatory* Guidelines—the version under which Miller was sentenced.

That question is presented in this case.

## II. Analysis

Miller asks us to reverse the district court's dismissal of his § 2255 motion to vacate his sentence, arguing *Beckles* does not foreclose relief, and the court erred in its retroactivity analysis. Before we reach that question, however, we must address the government's argument, raised for the first time after oral argument, that Miller's motion was untimely. The government has forfeited this argument by failing to raise it in its answer to Miller's motion or at any point

during the proceedings below. And although we have discretion to consider a forfeited timeliness defense, we decline to do so here. Ultimately, however, Miller's challenge to the constitutionality of his sentence fails on the merits. Accordingly, we affirm the district court's dismissal of Miller's § 2255 motion with prejudice.

### A. Timeliness

The government argues for the first time in a letter filed pursuant to Federal Rule of Appellate Procedure 28(j) that Miller's motion to vacate his sentence is time barred, because the Supreme Court has not recognized the right he is asserting—namely, that the residual clause in the mandatory Guidelines is unconstitutionally vague. The government did not raise this argument in its response to Miller's § 2255 motion, in the district court, or at any time on appeal until after oral argument.[1]

In general, a defendant must file a § 2255 motion to vacate his sentence within one year of "the date on which the judgment of conviction becomes final." *See* 28 U.S.C. § 2255(f)(1). As relevant here, however, this one-year statute of

---

[1] In its supplemental brief filed after *Beckles*, the government did argue that *Beckles* "undercuts this Court's authorization of Miller's second or successive § 2255 motion, because it makes clear that the Supreme Court has neither extended *Johnson* to the Guidelines nor made such an extension retroactive." Aple. Supp. Br. at 2. But the government never made a specific argument about timeliness under the relevant provision of § 2255, and in any event, the government did not raise the statue of limitations at any point during the district court proceedings.

limitations runs from the later of that date or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). In other words, because Miller filed his second § 2255 motion in 2016, long after his conviction became final, the motion was untimely unless § 2255(f)(3) applies.

The problem for the government is it failed to raise a statute of limitations defense until recently. And because a limitations defense is not jurisdictional, the Supreme Court has explained that "courts are under no obligation to raise the time bar sua sponte." *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (emphasis removed). Instead, the time bar is on par with other threshold barriers that federal habeas prisoners face, including exhaustion of state remedies, procedural default, and nonretroactivity. *Id.* Nevertheless, courts of appeals have the authority—although not the obligation—to consider a forfeited habeas defense in exceptional cases. *Wood v. Milyard*, 566 U.S. 463, 473 (2012).

Here, we decline to exercise our discretion to consider the government's forfeited statute of limitations argument.[2] The Supreme Court has explained that

---

[2] The government's conduct fits the description of forfeiture, not waiver. "Waiver is accomplished by intent," whereas "forfeiture comes about through neglect." *Richison v. Ernest Grp.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (quoting *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008)). That is, "[a] waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve."

(continued...)

although courts of appeals may consider, sua sponte, a forfeited argument about the timeliness of a habeas petition, "appellate courts should reserve that authority for use in exceptional cases." *Id.* The government makes no argument that this is such a case, and we see no reason to exercise our authority here. The government simply claims it is appropriate for the court to act sua sponte and dismiss Miller's motion as untimely, because Miller has already served most of his sentence and has been released to a halfway house. But this is hardly an exceptional circumstance warranting departure from the usual rule. Additionally, Miller has been afforded no opportunity to respond to the government's new timeliness argument.

Given that the parties have already engaged in several rounds of briefing and attended oral argument before this court, and Miller raises an important issue that is sure to recur in our circuit, we conclude the interests of justice are better served by addressing the merits of Miller's petition.[3]

### B. Miller's Vagueness Challenge

---

[2](...continued)
*Wood*, 566 U.S. at 474 n.4. When *Miller* filed his motion, the controlling law in our circuit held *Johnson* extended to the Sentencing Guidelines. Accordingly, it may not have occurred to the government to challenge the timeliness of the motion on the grounds that the Supreme Court had not recognized the right Miller was asserting. Because we conclude the government did not intentionally abandon a statute of limitations defense, we retain discretion to consider this forfeited argument.

[3] In doing so, we express no opinion on whether the Supreme Court has recognized the right Miller is asserting for purposes of § 2255(f)(3).

Miller contends *Beckles* is distinguishable based on the Supreme Court's reasoning in *United States v. Booker*, 543 U.S. 220 (2005), where the Court invalidated the provisions that rendered the Guidelines mandatory. Relying on the Court's decision in *Welch v. United States*, 136 S. Ct. 1257 (2016), Miller asks us to reverse the district court's dismissal of his § 2255 motion to vacate his sentence, arguing the court erred in concluding that a rule invalidating the residual clause of § 4B1.2(a) does not apply retroactively in collateral proceedings. We decline this invitation. In doing so, "we review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Pearce*, 146 F.3d 771, 774 (10th Cir. 1998).

The residual clause in the 1998 version of the Sentencing Guidelines provides that a crime of violence for purposes of the career-offender enhancement "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). The Court held that virtually identical language in the ACCA is void for vagueness. *See Johnson*, 135 S. Ct. at 2557. It has since held the same language in the advisory Guidelines is not. *See Beckles*, 137 S. Ct. at 892. Miller, of course, was sentenced in 1998, under the mandatory version of the Guidelines.

Whether the mandatory Guidelines are amenable to vagueness challenges is an issue of first impression in our circuit, and one that is sure to recur in light of *Johnson* and *Beckles*. So far, only the Eleventh Circuit has held that the

mandatory Guidelines cannot be unconstitutionally vague, and it did so before *Beckles* was decided. *See In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). The court initially held in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), *cert. denied*, 137 S. Ct. 1344 (2017), that the void-for-vagueness doctrine does not apply to the advisory Guidelines, since the Guidelines are simply a starting point intended to aid judges in sentencing—defendants cannot expect notice of what sentence the court will impose. *Id.* at 1194. In *Griffin*, the court extended this rule to the mandatory Guidelines, reasoning that "[t]he Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge. . . . Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall." 823 F.3d at 1354.

Other circuits have suggested the opposite, without directly confronting the issue. For example, in *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016), the Fourth Circuit authorized a successive § 2255 petition based on *Johnson*, rejecting the argument that the application of *Johnson* to the mandatory Guidelines was a procedural rule lacking retroactive effect. *Id.* at 234. In doing so, the court reasoned that although the Guidelines do not control available sentences, they "hardly represent a mere suggestion to courts about the proper sentences defendants should receive." *Id.*

-10-

But we need not weigh in today, for this case has a simple resolution: Miller cannot mount a vagueness challenge to his enhanced sentence, because the enumeration of robbery in the commentary to the career-offender guideline sufficiently narrows the application of the residual clause to Miller's conduct.

"The void-for-vagueness doctrine derives from the Due Process Clause of the Fifth Amendment, which guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.'" *Golicov v. Lynch*, 837 F.3d 1065, 1068 (10th Cir. 2016). The Supreme Court has invalidated two types of criminal laws as void for vagueness: "laws that *define* criminal offenses, and laws that *fix the permissible sentences* for criminal offenses." *Beckles*, 137 S. Ct. at 892 (emphasis in original). In *Beckles*, the Court concluded the advisory Guidelines do neither and thus do not implicate the twin concerns of notice and arbitrary enforcement that underpinned the Court's decision in *Johnson*. *Id.* at 894. Instead, the advisory Guidelines simply guide—but do not constrain—a judge's discretion in sentencing. *Id.* at 892.

In *Beckles*, however, two justices would have rejected the petitioner's challenge to his sentence based solely on the enumeration of his offense of prior conviction in the commentary to § 4B1.2(a). When Travis Beckles sustained his conviction for possession of a sawed-off shotgun by a felon, the official commentary to § 4B1.2(a) expressly designated that offense as a crime of violence. *See* USSG § 4B1.2(a) cmt. n.1 (2006) ("Unlawfully possessing a

firearm described in 26 U.S.C. § 5845(a) (e.g., a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'").  Justices Ginsburg and Sotomayor would have rejected Beckles's vagueness challenge on this ground alone.

Justice Ginsburg preferred not to issue a broad holding about the Guidelines as a whole, since *Beckles* itself had a "simple solution."  137 S. Ct. at 897 (Ginsburg, J., concurring).  Because the official commentary to the Guidelines clearly proscribed Beckles's conduct, Justice Ginsburg would have held that Beckles could not "claim that § 4B1.2(a) was vague as applied to him." *Id.* at 898.  Nor could he "complain of the vagueness of the [guideline] as applied to the conduct of others."  *Id.* (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010)).  Justice Sotomayor agreed.  *See Beckles*, 137 S. Ct. at 898 (Sotomayor, J., concurring) ("*Johnson* affords Beckles no relief, because the commentary under which he was sentenced was not unconstitutionally vague.").  The concurring justices therefore agreed with the outcome but not with the majority's reasoning—neither was prepared to declare the advisory Guidelines immune from vagueness challenges.

The circumstances are similar here.  At the time Miller was sentenced, Application Note 1 in the commentary to § 4B1.2(a) provided that a crime of violence "includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extorionate extension of credit, and

burglary of a dwelling." USSG § 4B1.2(a) cmt. n.1 (1998) (emphasis added). And unless the commentary "violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline," we treat it as binding and authoritative. *United States v. Morris*, 562 F.3d 1131, 1135 (10th Cir. 2009) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

The government argues the enumeration of robbery in the commentary "provides an independent reason for affirming the district court in this case irrespective of the mandatory nature of the Guidelines when Miller was sentenced." Aple. Supp. Br. at 3 n.1. We agree.

Miller urges us to conclude otherwise, arguing the commentary is not authoritative because it is inconsistent with the text of § 4B1.2(a). He claims we must first excise the residual clause, and then consider the application note's relationship to the guideline text. Since the enumeration of robbery is not interpreting the elements or enumerated offenses clauses, Miller believes, it is expanding the definition of a crime of violence and is therefore inconsistent with § 4B1.2(a).

But Miller confuses the "normal order of operations" in analyzing vagueness challenges. *See Beckles*, 137 S.Ct. at 897 n.* (Ginsburg, J., concurring).[4] As Justice Ginsburg explained in *Beckles*, the Supreme Court "has

---

[4] In support of his argument, Miller cites cases from the First, Seventh, and Eighth circuits, in which those courts held the enumeration of robbery in the

(continued...)

routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise enigmatic provision clear as applied to the challenger." *Id.* at 897 (first citing *Bell v. Cone*, 543 U.S. 447, 453, 457–58 (2005) (per curiam); then citing *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 500–02, n.18 (1982); and then citing *Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 395 (1969)). This is so because a narrowing construction of an otherwise vague statute "provide[s] a person of ordinary intelligence fair notice of what is prohibited." *See Holder*, 561 U.S. at 20 (quoting *United States v. Williams*, 553 U.S. 285, 304 (2008)). And in the context of sentencing, a clarifying construction provides guidance to judges, thus preventing arbitrary or uneven enforcement. *Cf. Bell*, 543 U.S. at 453.

The same principle holds true here. Assuming the residual clause in § 4B1.2(a) would otherwise be unconstitutionally vague, the enumeration of robbery in Application Note 1 renders the clause's application to Miller sufficiently clear. *See Hoffman Estates*, 455 U.S. at 500. Because Miller's conduct was clearly proscribed, he cannot complain he was denied fair notice of

---

[4](...continued)
commentary impermissibly expands the definition of a crime of violence. *See* Aplt. Br. at 28–29 (first citing *United States v. Soto-Rivera*, 811 F.3d 53 (1st Cir. 2016); then citing *United States v. Rollins*, 836 F.3d 737 (7th Cir. 2016); and then citing *United States v. Bell*, 840 F.3d 963 (8th Cir. 2016)). But in each case, the court made the same error as Miller: it first excised the residual clause and then concluded the commentary listing robbery was not an interpretation of the elements or enumerated offenses clauses.

-14-

the possibility of enhanced punishment. *Cf. Johnson*, 135 S. Ct. at 2557. And for similar reasons, there was no risk of arbitrary enforcement by judges. On its own, the residual clause might "leave[] grave uncertainty about how to estimate the risk posed by a crime." *See id.* But because the commentary clarifies that robbery poses a serious enough risk of physical injury to others, none of the judicial speculation and guesswork that would accompany the ordinary case is present here.

Since the enumeration of robbery in the commentary does not conflict with the text of § 4B1.2(a), we reject Miller's argument that the commentary is not authoritative here. Our decision today is therefore entirely consistent with cases where we have declined to apply the guidelines commentary so as to expand § 4B1.2(a). *Cf. United States v. Armijo*, 651 F.3d 1226, 1236–37 (10th Cir. 2011) (holding Colorado manslaughter is not a crime of violence notwithstanding its enumeration in the commentary to § 4B1.2(a), because that provision covers only intentional conduct, and Colorado manslaughter involves only reckless conduct).

In sum, we hold that Miller's sentence does not violate due process, because his conduct triggering the career-offender enhancement was clearly proscribed in the authoritative commentary to the Guidelines.[5]

---

[5] In rejecting Miller's *Johnson* challenge, we do not hold that New Mexico robbery categorically qualifies as a crime of violence under the Guidelines commentary. Such a determination would require further inquiry into whether New Mexico robbery matches the generic version of the offense. *See United*

(continued...)

# III. Conclusion

For the foregoing reasons, we AFFIRM the dismissal of Miller's § 2255 motion to vacate his sentence.

---

[5](...continued)
*States v. Castillo*, 811 F.3d 342, 345–46 (10th Cir. 2015) (explaining that we ask whether a state offense "substantially corresponds to the 'modern generic view' of any of the offenses enumerated in . . . the Guidelines"). Because Miller only challenges his sentence on the ground that it was imposed based on an unconstitutionally vague Guidelines provision, our holding—that the residual clause was not unconstitutionally vague as applied to Miller—is sufficient to resolve this appeal.