**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JOHN R. TAYLOR,

        Defendant - Appellant.

No. 17-6190
(D.C. Nos. 5:16-CV-00428-D and
5:95-CR-00158-D-1)
(W.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

In September 1997, John R. Taylor was convicted by a jury of various drug

offenses. His criminal history included California convictions for kidnapping and

second-degree robbery. The district judge concluded these convictions constituted

"crime[s] of violence" under the career-offender sentencing guideline. *See* USSG

§§ 4B1.1, 4B1.2(1).[1] That guideline increases a sentence if, among other things, "the

defendant has at least two prior felony convictions of either a crime of violence or a

---

[1] Taylor was sentenced under the 1995 version of the sentencing guidelines; all
references to the guidelines in this order refer to the 1995 version of the guidelines unless
stated otherwise.

controlled substance offense."[2]  USSG § 4B1.1.  A "crime of violence" is any federal or state offense "punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force or elements clause), (2) "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (the enumerated-offense clause), or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  USSG § 4B1.2(1).  The commentary to § 4B1.2 defines "crime of violence" to include "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."  USSG § 4B1.2, comment. (n.2).

The career-offender enhancement resulted in a guideline range of 360 months to life imprisonment; the judge sentenced Taylor to 360 months.  Had the career-offender guideline not applied, the applicable guideline range would have been 262-327 months in prison.  At the time of Taylor's sentencing, the guidelines were mandatory.[3]

We affirmed on direct appeal.  *See United States v. Taylor*, 183 F.3d 1199 (10th Cir.), *cert. denied*, 528 U.S. 904 (1999).  Since then, Taylor has made various attempts, all unsuccessful, to overturn his conviction and sentence, including filing a first § 2255 motion and a motion for sentence reduction under 18 U.S.C. § 3582(c)(2).  He also filed

---

[2] The career-offender guideline also requires: (1) the defendant be at least 18 years of age at the time he committed the offense of conviction and (2) the offense of conviction be either a felony crime of violence or controlled substance offense.  USSG § 4B1.1.

[3] The sentencing guidelines were rendered advisory in 2005, when the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005).

several second or successive § 2255 motions; in each case we denied authorization under 28 U.S.C. § 2255(h).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). It held the Armed Career Criminal Act's (ACCA) definition of "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another" (also known as the residual clause) is unconstitutionally vague. *Id.* at 2557, 2563. On April 18, 2016, it made *Johnson*'s holding retroactive to cases on collateral review. *Welch v. United States*, --- U.S. ---, 136 S. Ct. 1257, 1265 (2016).

Relying on *Johnson*, Taylor requested and obtained this Court's authorization to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(2). His second § 2255 motion contends the prior robbery conviction qualified as a "crime of violence" only under § 4B1.2(1)(ii)'s residual clause. Because that clause, like its identically worded ACCA counterpart, is unconstitutionally vague, he claims he was entitled to be resentenced without the career-offender guideline enhancement.[4]

During the pendency of the § 2255 proceedings, the Supreme Court decided *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017). It held the <u>advisory</u> sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause" because they "merely guide the exercise of a court's discretion in choosing an

---

[4] Taylor appears pro se. As a result, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

appropriate sentence within the statutory range." *Id*. at 892. As a result, "[t]he residual clause in [the career-offender guideline] . . . is not void for vagueness." *Id*.

Taylor argued *Beckles* did not foreclose relief because its holding was limited to the <u>advisory</u> guidelines and left open the question whether defendants, like himself, sentenced under the <u>mandatory</u> guidelines "may mount vagueness attacks on their sentences." *Id*. at 903 n.4 (Sotomayor, J., concurring in judgment). He claimed that because the mandatory guidelines fixed the permissible range of his sentence, they, like the ACCA, are subject to vagueness challenges.

The district judge concluded he need not decide whether *Johnson* applied to the mandatory guidelines because Taylor's § 2255 motion did not "contain . . . a new rule of constitutional law, made retroactive to cases on collateral review *by the Supreme Court*, that was previously unavailable," one of the requirements for filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h)(2) (emphasis added). He explained: The only Supreme Court case that might satisfy this requirement for a career-offender guideline claim based on *Johnson* would be *Welch*, but *Welch* only addressed the retroactivity of *Johnson*. The Supreme Court concluded *Johnson* was retroactive to cases on collateral review because it was a substantive decision—it affected the reach of the ACCA rather than the judicial procedures by which it is applied. The same reasoning, the judge said, would not apply to a Supreme Court decision invalidating the residual clause of the mandatory career-offender guideline. The mandatory guidelines, he said, are not the equivalent of a criminal statute and cannot require a particular punishment. Rather, they provide a punishment or range of punishments a sentencing court may

- 4 -

impose, but only as one factor to be considered under 18 U.S.C. § 3553(a) in fashioning an appropriate sentence for a particular defendant. "Thus, *Welch* would not necessarily mandate that a Supreme Court decision invalidating the residual clause of the career offender guideline would be given retroactive effect to cases on collateral review." (R. at 202.)

In so concluding, the judge acknowledged we had granted Taylor authorization to file a second or successive § 2255 motion. Nevertheless, he concluded we had made only a preliminary assessment of whether the motion met the gatekeeping requirements of § 2255(h)(2) and he must definitely decide the issue. Indeed, 28 U.S.C. § 2244(b)(4) requires dismissal of any claim presented in a second § 2255 motion that fails to meet the requirements of § 2255(h)(2). *See* 28 U.S.C. § 2244(b)(4) ("A district court must dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

The judge denied a certificate of appealability (COA); Taylor renews his request here. A COA is a jurisdictional prerequisite to our review of the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)

(quotation marks omitted).

We agree with the district judge; Taylor is not entitled to relief. But we do so for different reasons.[5]

At the time Taylor was sentenced, the commentary to § 4B1.2 expressly designated his prior convictions—robbery and kidnapping—as "crime[s] of violence." *See* USSG § 4B1.2, comment. (n.2) ("Crime of violence" includes murder, manslaughter, *kidnapping*, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling." (emphasis added)). "[B]ecause the enumeration of robbery [and kidnapping] in the commentary to the career-offender guideline sufficiently narrows the application of the residual clause to [Taylor's] conduct," he "cannot mount a vagueness challenge to his enhanced sentence." *United States v. Miller*, 868 F.3d 1182, 1187 (10th Cir. 2017); *see also Beckles*, 137 S. Ct. at

---

[5] The judge's decision essentially concludes 28 U.S.C. § 2244(b)(4) applies to second or successive § 2255 motions we have authorized under § 2255(h). Supplemental briefing was ordered on that very issue in *United States v. Murphy* (Appeal No. 17-8010). That case is set for oral argument in March 2018. Because that issue is not pertinent to our resolution of this case, we do not discuss it.

There is another problem. It appears Taylor's § 2255 motion is untimely. *See United State v. Greer*, --- F.3d ---, No. 16-1282, 2018 WL 721675 (10th Cir. Feb. 6, 2018) (concluding Greer's § 2255 motion alleging *Johnson* applies to the residual clause of the mandatory sentencing guidelines was untimely because it was not filed within one year of the date "the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; Greer had not asserted a right recognized by the Supreme Court because the Court had not yet decided whether the residual clause of the mandatory guidelines was unconstitutionally vague (quotation marks omitted)). However, because the government has not raised timeliness as a defense, we do not consider it here. *See United States v. Miller*, 868 F.3d 1182, 1185-86 (10th Cir. 2017) (declining to consider government's timeliness argument raised for the first time in a Fed. R. App. P. 28(j) letter).

897-98 (Ginsburg, J., concurring) (because the commentary to the career-offender guideline expressly designated his offense of conviction as a "crime of violence," his conduct was "clearly proscribed" and Beckles cannot claim the guideline was vague as applied to him or as applied to the conduct of others) (quotation marks omitted)); 137 S. Ct. at 898 (Sotomayor, J., concurring) ("*Johnson* affords Beckles no relief, because the commentary under which he was sentenced was not unconstitutionally vague.").

Taylor told the district judge that the commentary is not authoritative because it is inconsistent with § 4B1.2 itself and violates the Constitution.[6] *See Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). That is so, he said, because the offenses enumerated in the commentary are grounded in the residual clause of § 4B1.2 and that clause is now invalid after *Johnson*.

> We rejected the same argument in *Miller*:
>
> Miller confuses the normal order of operations in analyzing vagueness challenges. As Justice Ginsburg explained in *Beckles*, the Supreme Court has routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise enigmatic provision clear as applied to the challenger. This is so because a narrowing construction of an otherwise vague statute provides a person of ordinary intelligence fair notice of what is prohibited. And in the context of sentencing, a clarifying construction provides guidance to judges, thus preventing arbitrary or uneven enforcement.
>
> Assuming the residual clause in [the career-offender guideline] would otherwise

---

[6] The judge did not reach this argument because he denied relief on other grounds. He did, however, rely on our decision in *Miller* in denying Taylor leave to proceed on appeal without prepayment of fees.

be unconstitutionally vague, the enumeration of robbery in [the commentary] renders the clause's application to Miller sufficiently clear. Because Miller's conduct was clearly proscribed, he cannot complain he was denied fair notice of the possibility of enhanced punishment. And for similar reasons, there was no risk of arbitrary enforcement by judges. On its own, the residual clause might leave grave uncertainty about how to estimate the risk posed by a crime. But because the commentary clarifies that robbery poses a serious enough risk of physical injury to others, none of the judicial speculation and guesswork that would accompany the ordinary case is present here.

Since the enumeration of robbery in the commentary does not conflict with the text of [the guideline], we reject Miller's argument that the commentary is not authoritative here.

868 F.3d at 1188-89 (citations and quotation marks omitted).

Because Taylor's conduct was clearly proscribed by the authoritative commentary to the guideline, his sentence does not violate due process and his § 2255 motion fails on the merits. *Id*. at 1183, 1189. As a result, the result reached by the district judge—denial of § 2255 relief—is not reasonably debatable. We **DENY** a COA and **DISMISS** this matter.

The judge denied Taylor's motion to proceed without prepayment of fees (*in forma pauperis* or *ifp*) on appeal because the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Taylor renews his *ifp* request with this Court. Because we have reached the merits of his COA application, his renewed request to proceed on appeal without prepayment of fees is **DENIED AS MOOT**. The relevant statute does not permit litigants to avoid payment of fees; only prepayment of fees is excused. *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security therefor") (emphasis added). All

filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge