FILED
United States Court of Appeals
Tenth Circuit

**March 29, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL LYNN CASH,

      Defendant - Appellant.

No. 17-7018
(D.C. Nos. 6:15-CV-00117-JHP and
6:11-CR-00057-JHP-1)
(E.D. Okla.)

**ORDER & JUDGMENT**[*]

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.

Petitioner Michael Lynn Cash filed this 28 U.S.C. § 2255 motion, arguing that the

district court erred in sentencing him to 420 months' imprisonment. The district court

partially granted and partially denied Cash's § 2255 motion, acknowledging that it erred

in imposing a sentence that was 60 months longer than the 360-month sentence it

intended. We granted a certificate of appealability (COA) to address the following two

questions:

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

> Was the district court's correction of Cash's sentence in February of 2017 a resentencing which would entitle Cash to the benefit of case law in effect at that time, or was the district court's correction of Cash's sentence merely an order nunc pro tunc? If Cash was resentenced in February of 2017, what impact—if any—would United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), Mathis v. United States, 136 S. Ct. 2243 (2016), and Johnson v. United States, 135 S. Ct. 2551 (2015) have on the legality of his sentence?

Order filed on December 8, 2017, at 6–7.

Following briefing by the parties, we now conclude the district court's February 2017 amendment to Cash's sentence was merely a correction of a technical error, and was not a resentencing. Therefore, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2255(d), we AFFIRM the district court's ruling on Cash's § 2255 motion.

# I

## A

In 2012, Cash was convicted of the following crimes:

Count 1: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);
Count 2: possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and
Count 3: being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

See United States v. Cash, 733 F.3d 1264, 1267 (10th Cir. 2013).

Following conviction, the probation office concluded that Cash was both a career offender for the purposes of U.S.S.G. § 4B1.1(a) and an Armed Career Criminal for the purposes of the Armed Career Criminal Act (ACCA) as set out in 18 U.S.C. § 924(e).

2

Doc. 114 at 7–8. By itself, the enhancement under the Sentencing Guidelines increased Cash's total offense level from 20 to 37. Id.; U.S.S.G. § 4B1.1(b). This increased Cash's guideline range from 70-to-87 months to 360 months-to-life. See Doc. 114 at 7, 20; 2012 Sentencing Table.

The probation office recommended that a 360-month sentence be imposed. See id. But that did not square with the proposed sentence it outlined, which would have resulted in a 300-month sentence:

Count 1: 240 months, to run concurrently with Count 3. Doc. 114 at 20 ("The maximum term of imprisonment on Count 1 is 20 years."[1] (citing 21 U.S.C. § 841(b)(1)(C))).

Count 2: 60 months, to run consecutively after Count 1 and Count 3.[2] Doc. 114 at 20 ("The minimum term of imprisonment on Count 2 is five years and the maximum term is life." (citing 18 U.S.C. §§ 924(g)(1) and 924(e)(1))).

Count 3: 180 months, to run concurrently with Count 1. Doc. 114 at 20 ("The minimum term of imprisonment on Count 3 is 15 years and the maximum term is life." (citing 18 U.S.C. §§ 922(g)(1) and 924(e)(1))).

Doc. 114 at 20. By this calculation, the probation office determined that Cash was subject to a mandatory minimum term of 240 months' imprisonment—i.e., a minimum of 180 months on Count 3, followed by a consecutive minimum sentence of 60 months on Count 2. But, because the probation office concluded Cash was also subject to an enhancement under the Sentencing Guidelines it recommended a sentence of 360 months to life. This would be a controlling sentence, and exceeded the proposed sentence it had

---

[1] Section 841(b)(1)(C) "carr[ies] no mandatory minimum sentence." United States v. Dunbar, 718 F.3d 1268, 1272 (10th Cir. 2013).

[2] "[T]he sentence to be imposed on the 18 U.S.C. § 924(c) or § 929(a) count shall be imposed to run consecutively to any other count." U.S.S.G. § 5G1.2(e).

outlined. The probation office's presentence investigation report (PSR) did not provide an explicit calculation to support the imposition of the 360-month sentence; rather, the probation office implied that the district court should apply a 300-month sentence on either Count 1 or Count 3 (which run concurrently), in addition to 60 months on Count 2 (which runs consecutive to the other Counts).

Despite the probation office's recommendation, the district court sentenced Cash to 420 months' imprisonment, broken down as follows:

Count 1: 240 months, to run concurrently with Count 3 [unchanged from the probation office's recommendation]

Count 2: 60 months, to run consecutively after Counts 1 and 3 [unchanged from the probation office's recommendation]

Count 3: 360 months, to run concurrently with Count 1 [at least 60 months longer than the probation office's recommendation]

See App. at 64. It is not clear why the district court deviated upward from the probation office's recommended sentence on Count 3. The government did not ask for such an increase. See Doc. 119 at 15. And, at sentencing, the district court only found that Cash was eligible for a Sentencing Guidelines enhancement (which would have applied to Count 2, and was the impetus of the 360 months-to-life calculation by the probation office), and made no finding that Cash was eligible for an enhancement under the ACCA (which would have applied to Count 3). See Doc. 137 at 22–23. Nonetheless, Cash did not object to his 420-month sentence.

Cash appealed, challenging only the district court's denial of two motions to suppress. See Cash, 733 F.3d at 1267. We affirmed the district court, id. at 1282–83, and

4

Cash then petitioned the Supreme Court of the United States for certiorari. The Court denied the petition on March 24, 2014. Cash v. United States, 134 S. Ct. 1569 (2014).

**B**

Thereafter, Cash filed this timely § 2255 motion in 2015. Cash argued the district court erred when it enhanced his sentence on Count 3 pursuant to the ACCA, even though Cash's predicate convictions did not support an ACCA sentencing enhancement.[3] In response, the government agreed that Cash did not meet the requirements for an ACCA enhancement, and that the district court should not have imposed a 360-month sentence on Count 3. However, the government argued that the district court should have sentenced Cash to a total of 360 months' imprisonment, in part because Cash was eligible for a career offender enhancement on Count 2 under the Sentencing Guidelines.

Without conducting an evidentiary hearing, the district court granted Cash's § 2255 motion in part, and denied it in part. Specifically, the district court agreed with the parties that Cash was not eligible for an enhanced sentence on Count 3 because he did not have three prior qualifying convictions under the ACCA. The district court granted the motion only to reduce Cash's sentence on Count 3 to 120 months and to increase the sentence on Count 2 to 120 months. This resulted in a controlling sentence of 360 months' imprisonment.

---

[3] Cash also argued that he received ineffective assistance from his trial counsel. We declined to grant Cash a COA on that argument and will not address it.

In reviewing the sentencing record, the district court noted that it only cited to the Sentencing Guidelines in finding Cash eligible for a sentencing enhancement. The district court then concluded it should have imposed a 360-month controlling sentence. Rather than imposing a 300-month sentence on either Count 1 or Count 3, which would have combined with the consecutive 60-month sentence on Count 2 to create a 360-month controlling sentence, the district court directed amendment of the judgment to reflect the following sentences:

Count 1: 240 months, to run concurrently with Count 3 [same as the PSR and the 2012 sentencing]
Count 2: 120 months, to run consecutively after Count 1 and Count 3 [PSR recommended 60 months; 2012 sentencing was 60 months]
Count 3: 120 months, to run concurrently with Count 1 [PSR recommended 180 to 300 months; 2012 sentencing was 360 months]

App. at 193–98; see also id. at 183.

The district court denied the remainder of Cash's § 2255 motion.

**II**

We granted a COA to address whether the district court's February 2017 amended judgment of conviction was a resentencing—requiring the district court to consider recent case law such as Hinkle, Mathis, and Johnson—or a correction of a technical error. In this review of the district court's partial denial of Cash's motion to vacate, set aside, or correct his sentence, we review the district court's legal rulings de novo and its findings of fact for clear error. United States v. Miller, 868 F.3d 1182, 1186 (10th Cir. 2017).

6

**A**

A district court has the power to "correct" a sentence within 14 days of sentencing if there is an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). In its notes on the 1991 amendments to Rule 35, the Advisory Committee stated that if a defendant discovers a sentencing error and the Rule 35 period has already elapsed, the defendant may file a § 2255 motion to address "obvious sentencing errors." Fed. R. Crim. P. 35, 1991 Advisory Committee Notes; see also United States v. Palmer, 854 F.3d 39, 48 (D.C. Cir. 2017) (concluding the 1991 Advisory Committee Notes "suggest[] that correction of a sentence pursuant to Section 2255 at least encompasses some of the changes that could have been made under Rule 35 but for timing").

As the D.C. Circuit recently held, corrections for these arithmetical, technical, or other clear errors are "distinguishable from a resentencing, in which the district court has 'chang[ed] its mind about the appropriateness of the [original] sentence.'" Palmer, 854 F.3d at 51 (quoting Fed. R. Crim. P. 35, 1991 Advisory Committee Notes). In so holding, the D.C. Circuit concluded that the text of § 2255 "indicates" that "a sentence correction and resentencing . . . entail different remedies." Id. at 47 (quotation omitted). In listing potential remedies available, § 2255(b) references "resentenc[ing] . . . or correct[ing] the sentence."

Further, when making this distinction between a resentencing and sentence correction, the differences in procedural steps can be instructive. See Palmer, 854 F.3d at

7

For instance, a resentencing includes a sentencing hearing with the defendant present and new PSR—procedural steps which are usually absent from a sentence correction. Id.

With the distinction between resentencing and a sentence correction in mind, we conclude the district court's entry of an amended judgment was only a technical correction. The district court did not conduct a sentencing hearing or receive a new PSR.

Instead, the district court corrected a technical mistake that it made at Cash's sentencing in 2012. Cash properly raised this error in his § 2255 motion. See Fed. R. Crim. P. 35(a), 1991 Advisory Committee Notes. With this opportunity to revisit Cash's sentencing, the district court recognized upon review of the sentencing transcript that it had intended to impose a 360-month term of imprisonment based on Cash's classification as a career offender under the Sentencing Guidelines. To reflect its intended sentence, the district court applied the career offender enhancement to Count 2, and simultaneously reduced Cash's sentence on Count 3.

The effect of the district court's amended judgment was essentially a judgment nunc pro tunc to correct a technical error, and not a full-blown resentencing.

**B**

Given that the district court merely corrected Cash's sentence we need not consider whether the district court erred in accepting the probation office's recommendation to classify Cash as a career offender under U.S.S.G. § 4B1.1(a). Even though at sentencing the district court explicitly found that Cash was a career offender

8

under the Sentencing Guidelines, <u>see</u> Doc. 137 at 22, Cash did not challenge this classification on direct appeal, which results in the waiver of the issue on collateral review.

## III

We therefore **AFFIRM** the district court's ruling on Cash's § 2255 motion.

Entered for the Court


Mary Beck Briscoe
Circuit Judge